UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMESHA DYKES,

                Plaintiff,

    -v-

THE CITY OF NEW YORK, New York City Police Department ("NYPD") Detectives (First Name Unknown) Ali and Felix Cruz, and Officers JOHN DOES 1 through 3 (the names "John Doe" being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,

                Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

17 CV 3592

      KAMESHA DYKES, by her attorney REBECCA HEINEGG, as and for her complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, and pendant claims under the Constitution of the State of New York, Article I, §§ 6, 11, and 12, and the laws of the State of New York.

2. Plaintiff KAMESHA DYKES' rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, and arrested her. Plaintiff's rights were further violated when she was subjected to excessively and unreasonably prolonged, unnecessary, and punitive detention.

3. By reason of defendants' actions, Ms. DYKES was deprived of her constitutional rights.

4. Ms. DYKES seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

6. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4).

7. This Court has supplemental jurisdiction over plaintiff's claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8. Pursuant to New York State General Municipal Law § 50-E, plaintiff filed a timely Notice of Claim with the New York City Comptroller on or about March 2, 2016. Plaintiff's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) in that plaintiff's claims arose in the Southern District of New York.

10. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

11. Plaintiff KAMESHA DYKES is an African-American woman, and at all times relevant to this action was a resident of New York County, New York.

12. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is

ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

13. Defendants NYPD Detectives (First Name Unknown) Ali and Felix Cruz, and Officers JOHN DOES 1 through 3 were at all times relevant herein officers, employees and agents of the NYPD. At all times relevant to this action, the individual defendants were acting under color of state law as agents, servants, employees and officers of the NYPD. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD.

14. The individual defendants are being sued in their individual and official capacities.

15. The true names and shield numbers of defendants Detectives (First Name Unknown) Ali and Felix Cruz, and Officers JOHN DOES 1 through 3 are not currently known to plaintiff. However, all of said defendants are employees or agents of the NYPD.

16. Defendants' acts herein complained of were carried out intentionally, recklessly, and with malice and gross disregard for plaintiff's rights.

## STATEMENT OF FACTS

17. The incident alleged herein occurred at approximately 9:00 a.m. on February 11, 2016, in the vicinity of 401 East 102nd Street in New York County, and continued thereafter as set forth below.

18. At the time and place set forth in paragraph 17, Ms. Dykes was lawfully present in her residence.

19. At the time and place set forth in paragraph 17, the individual defendants knocked on Ms. Dykes' door and arrested her, without a warrant and without probable cause to believe that Ms. Dykes had committed a crime.

20. Mr. Dykes was held at in custody for approximately twelve hours before she was released without charges.

21. As a result of this incident, Ms. Dykes suffered deprivation of her liberty, psychological and emotional injuries, mental anguish, suffering, humiliation, embarrassment, and loss of income.

## FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION
## THROUGH 42 U.S.C. § 1983

22. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

23. Defendants, under color of state law, unlawfully seized and arrested plaintiff.

24. Defendants did not have probable cause to arrest plaintiff, nor was it objectively reasonable for defendants to believe that they did have probable cause to arrest plaintiff.

25. Defendants' decision to arrest plaintiff was not based upon plaintiff's violation of any provision of the penal law.

26. Plaintiff was unjustifiably deprived of her liberty for at least 12 hours as a result of the false arrest.

27. By the conduct described above, defendant, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. § 1983, thereby depriving plaintiff of his rights, privileges and immunities, including, without limitation, deprivation of the following constitutional rights:

   a. Freedom from unreasonable seizures of her person, including but not limited to excessive pre-arraignment detention;

   b. Freedom from arrest without probable cause;

    c. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent;

    d. The enjoyment of equal protection, privileges and immunities under the laws.

28. As a result of defendants' deprivation of plaintiff's constitutional rights, plaintiff was deprived of her liberty, and was otherwise damaged and injured.

**SECOND CAUSE OF ACTION**
**FALSE ARREST UNDER THE LAWS OF**
**THE STATE OF NEW YORK**

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff suffered the injuries and damages set forth above.

**THIRD CAUSE OF ACTION**
**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK**
**FOR VIOLATIONS OF THE LAWS OF THE STATE OF NEW YORK**

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant CITY,

clothed with and/or invoking state power and/or authority, and, as a result, defendant CITY is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

34. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. Defendant CITY negligently hired, screened, retained, supervised, and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37. As a result of the foregoing, plaintiff suffered injuries and damages as set forth above.

## JURY DEMAND

38. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That she be compensated for violations of her constitutional rights, pain, suffering, and deprivation of liberty; and

b. That she be awarded punitive damages against the individual defendants; and

c. That she be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:    New York, New York
          May 12, 2017

                                        Respectfully submitted,

                                 By:    _____
                                        Rebecca Heinegg
                                        *Attorney for the Plaintiff*
                                        277 Broadway, Suite 1501
                                        New York, New York 10007
                                        t: (212) 227-2303